FEBRES, PLAINTIFF AND APPELLANT, *v.* FEBRES, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action for Annulment of Contract, Etc.

No. 3354.—Decided February 3, 1925.

CONTRACT—ASSIGNMENT—CONSIDERATION.—The defendant having admitted in his answer that the price mentioned in the deed of assignment was never paid to the plaintiff, it follows that the, assignment was void for lack of consideration.

ID.—DAMAGES—NONSUIT.—The defendant having admitted that a witness for the plaintiff would testify that the property was worth $4,500 at the time of the assignment, it must be held, in ruling on a motion for nonsuit, that the plaintiff proved the amount of the damages.

The facts are stated in the opinion.
*Mr. P. G. Quiñones* for the appellant.
*Messrs. Campillo & Campillo* for the appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.

The object of this action is to annul a deed of June 28, 1920, ratified by another of February 21, 1921, by which the plaintiff assigned to the defendant her rights and interests in a certain property inherited from her mother. It is alleged that she was induced to execute the deed by means of deceit practiced by the defendant and that there was no consideration, inasmuch as the plaintiff never received the $500 said in the deed to have been received by her before its execution. The prayer is that as the property now belongs to a third person, the defendant be adjudged to pay to the plaintiff the sum of $2,250 as indemnity, together with interest from the date of the deed.

The defendant answered and at the trial when the plaintiff rested he moved for judgment in his favor by nonsuit and the court sustained the motion on the ground that neither deceit nor the amount of the damages had been proved. From that judgment the plaintiff took the present appeal.

We have examined the evidence introduced by the plaintiff and agree with the court below that it does not prove that the assignment was made by reason of the defendant's deceit, for the only evidence on this point was hearsay and very vague; therefore the contract can not be annulled on that ground. But as the defendant admitted in his answer that the consideration for the assignment stated in the deed as received, was not paid to the plaintiff because the property never belonged to the mother of the parties, but to the defendant; although the title deed and the record in the registry were made in the name of the mother for the convenience of the defendant, and for the purpose of normalizing that situation, which was known to the plaintiff, they agreed to execute for a conventional sum the deed of assignment of the hereditary rights which the plaintiff apparently but not really had, it follows that the said contract was without a consideration unless another real and valid one is proved, in accordance with sections 1228, 1242

and 1243 of the Civil Code and the cases of *Rosado* v. *Rosado,* 17 P.R.R. 447, and *Martínez* v. *Cerezo,* 25 P.R.R. 659. Therefore, considering the admission of the defendant, the plaintiff only had to prove the damages and their amount.

When the plaintiff attempted to prove the amount of damages sustained by her by evidence that the property was worth $4,500 at the time of the execution of the deed of assignment, the defendant admitted that the witness whose testimony was to be offered for that purpose would testify that such was the value of the property at that time; and inasmuch as in ruling on a motion for a nonsuit the court must consider as true all of the facts shown by the plaintiff's evidence, as said in *Rosado* v. *Ponce Railway & Light Co.,* 18 P.R.R. 593, it must be held that the plaintiff proved what the property was worth when she executed the assignment which is void for lack of consideration, and as she has received nothing for the assignment, the result is that she suffered damages by the execution of the said deed amounting to $2,250 for the reason that she had a half interest in the property.

For the foregoing reasons the judgment appealed from must be reversed and the case remanded for further proceedings.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.